UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| Viral DRM, LLC, | § § § |
| Plaintiff, | § Case No: § |
| v. | § **COMPLAINT** § |
| Atzenhoffer Chevrolet Company, Inc., | § DEMAND FOR JURY TRIAL § |
| Defendant. | § § § |

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Atzenhoffer Chevrolet Company, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein owns the rights to the videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Facebook named as "@atzenhoffergm" (the "*Chevrolet Account*").

4. Defendant owns and operates a social media account on Facebook named as "@AtzenhofferAutos" (the "*Mazda Account*").

5. Defendant owns and operates a social media account on Facebook named as "@atzenhoffermitsubishi" (the "*Mitsubishi Account*").

6. The Chevrolet Account, the Mazda Account, and the Mitsubishi Account (hereinafter collectively referred to as the "*Accounts*") are associated with the Defendant.

7. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Accounts and engaged in this misconduct

1

knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Viral DRM, LLC is an Alabama limited liability company with a principal place of business in Childersburg, Alabama.

9. Upon information and belief, Defendant Atzenhoffer Chevrolet Company, Inc., is a Texas corporation with a principal place of business at 3211 North Navarro Street, Victoria in Victoria County, Texas.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Atzenhoffer Chevrolet Company, Inc. because it maintains its principal place of business in Texas.

12. Venue is proper under 28 U.S.C. §1391(a)(2) because Atzenhoffer Chevrolet Company, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff is the legal and rightful owners of videos which Plaintiff licenses to online and print publications.

14. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

15. Atzenhoffer Chevrolet Company, Inc. is the registered owner of the Accounts and is responsible for their content.

16. Atzenhoffer Chevrolet Company, Inc. is the operator of the Accounts and is responsible for their content.

17. The Accounts are a key component in Defendant's lucrative commercial enterprise.

18. The Accounts are monetized in that they promote traffic to Defendant's physical automobile dealership and, upon information and belief, Defendant profits from these activities.

19. On March 21, 2022, Ronald Emfinger authored a video of a tornado hitting a red pickup truck (the "*Video*"). A copy of a still image from the Video is attached hereto as Exhibit 1.

20. Plaintiff subsequently obtained the rights to the Video by way of written agreement.

21. Plaintiff applied to the USCO to register the Video on or about April 22, 2022 under Application No. 1-11334314411.

22. The Video was registered by the USCO on April 22, 2022 under Registration No. PA 2-354-516.

23. On April 18, 2022 Plaintiff first observed the Video on the Accounts in posts dated March 22, 2022. Copies of the screengrabs of the Accounts including still images from the Video is attached hereto as Exhibit 2.

24. The Video was displayed at URLs: https://www.facebook.com/atzenhoffergm/videos/540366097385597, https://www.facebook.com/watch/?v=743052223748258, and at https://www.facebook.com/watch/?v=713399073365741.

25. Upon information and belief, the Videos were posted as advertisements for Defendant's dealerships to drive traffic and interest to Defendant's business.

26. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" on the Accounts.

27. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively as the "*Infringements*" and singularly as the "*Infringement*").

28. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

29. Each Infringement is a copy of the majority of Plaintiff's original video that was directly copied and stored by Defendant on the Accounts.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying videos including but not limited to Plaintiff's Video.

31. Upon information and belief, the Video was willfully and volitionally posted to the Accounts by Defendant.

32. Upon information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

33. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

34. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

35. Upon information and belief, Defendant monitors the content on its Accounts.

36. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

37. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its automobile business revenues.

38. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Accounts.

39. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. In creating the Video, the author personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the images.

41. Plaintiff acquired the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

42. Defendant's use of the Video harmed the actual market for Plaintiff's Video.

43. Defendant's usage of the Video, if widespread, would cause additional harm Plaintiff's potential market for the Video.

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing posts on the Accounts.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at

Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e. for pre judgment interest as permitted by law; and

   f. for any other relief the Court deems just and proper.

DATED: February 07, 2023

**SANDERS LAW GROUP**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126126

*Attorneys for Plaintiff*

7